Eric M. Falkenberry (EF 9001)
DLA PIPER US LLP
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500
Attorneys for Plaintiff
THE GATORADE COMPANY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

THE GATORADE COMPANY, a Delaware
Corporation,

                       Plaintiff,

         - against -

OCTAVE ENTERTAINMENT FUND, LTD.,

                   Defendant.

------------------------------------------------------------------ X

ECF CASE

07 Civ. 8651 (LBS) (MHD)

## COMPLAINT FOR BREACH OF GUARANTY

The Gatorade Company ("Gatorade"), by and through its undersigned counsel, for its Complaint against defendant Octave Entertainment Fund, Ltd. ("Octave"), alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for breach of an absolute, unconditional and irrevocable Guaranty Agreement, dated as of August 18, 2006, and made by Octave in favor of Gatorade (the "Guaranty Agreement") to secure a $2,500,000 loan made by Gatorade to The Gracie Movie, LLC ("Gracie"). A true and correct copy of the Guaranty Agreement is attached hereto as Exhibit "A."

## THE PARTIES, JURISDICTION AND VENUE

2.    Gatorade is a corporation organized under the laws of the State of Delaware with its headquarters located in Chicago, Illinois.

3.    Upon information and belief, Octave is a Cayman Islands exempted company.

4.    This Court has jurisdiction over this action by virtue of 28 U.S.C. § 1332(a)(2).

5.    Venue in this judicial district and the exercise of personal jurisdiction over Octave by this Court are proper pursuant to 28 U.S.C. § 1391(a) because Octave has caused events to occur, and injuries to result to Gatorade, in New York, New York.

6.    Venue in this judicial district and the exercise of personal jurisdiction over Octave by this Court are also proper because, pursuant to Section 5.07 of the Guaranty Agreement, Octave, among other things, irrevocably and unconditionally (a) submitted to the nonexclusive jurisdiction of this Court in connection with any action or proceeding arising out of or relating to the Guaranty Agreement and (b) waived any objection that it might have to venue in this Court for any action or proceeding arising out of or relating to the Guaranty Agreement.

## BREACH OF GUARANTY

7.    Pursuant to a Strategic Marketing Agreement (the "Marketing Agreement"), dated as of August 18, 2006, by and between Gatorade and Gracie, Gatorade, among other things, loaned $2,500,000 (the "Loan") to Gracie in connection with Gracie's writing, producing, editing and securing distribution for a major motion picture titled "Gracie." A true and correct copy of the Marketing Agreement is attached hereto as Exhibit "B."

8.    Section 5.2 of the Marketing Agreement provides, in pertinent part, that:

> No later than December 15, 2006, [Gracie] shall repay to Gatorade $500,000 of the [Loan]. No later than the date which is fifty (50) weeks following [Gracie's] receipt of the [Loan], [Gracie] shall repay to Gatorade the remaining $2,000,000 of the [Loan].

9.      On or about August 18, 2006, Octave executed the Guaranty Agreement.

10.     Pursuant to Section 2.01 of the Guaranty Agreement, Octave absolutely, unconditionally and irrevocably guaranteed the "punctual payment of the outstanding principal balance of the [Loan] . . . in an aggregate amount not to exceed a principal amount of up to $2,500,000 . . ." and also agreed "to pay any and all expenses (including without limitation, all reasonable fees, charges and disbursements of counsel) incurred by [Gatorade] in enforcing any rights under [the Guaranty Agreement]."

11.     Pursuant to Section 2.02 of the Guaranty Agreement, Octave agreed that "a separate action or actions may be brought and prosecuted against [Octave] to enforce [the Guaranty Agreement], irrespective of whether any action is brought against [Gracie] or whether [Gracie] is joined in any such action or actions."

12.     Pursuant to Section 2.02 of the Guaranty Agreement, Octave agreed that the Guaranty Agreement "is a present and continuing, absolute and unconditional guarantee of payment as provided herein, and not of collection, by [Octave] . . ."

13.     Gracie repaid $500,000 of the Loan to Gatorade.  However, $2,000,000 of the Loan (the "Loan Balance") remains outstanding.

14.     The Loan Balance is past due under the terms of the Marketing Agreement and Gracie has failed to repay the Loan Balance to Gatorade.

15.     On September 26, 2007, Gatorade's counsel delivered a written demand (the "Demand") to Octave in accordance with Section 4.01 of the Guaranty Agreement for payment of the Loan Balance.  A copy of the Demand and proof of its delivery and Octave's receipt of the Demand on September 27, 2007 is attached hereto as Exhibit "C."

16.    Octave failed to pay the Loan Balance to Gatorade within five (5) business days following the date of its receipt of the Demand, as required by Section 4.02 of the Guaranty Agreement.

17.    As of the date of this Complaint, Octave still has not paid the Loan Balance to Gatorade.

**WHEREFORE**, Gatorade respectfully requests the Court enter judgment in its favor and against Octave by: (a) awarding Gatorade a money judgment in the amount of $2,000,000, plus attorneys' fees and costs; (b) awarding Gatorade pre-judgment and post-judgment interest; and (c) granting Gatorade such other and further relief the Court deems just and proper.

Dated: October 5, 2007
        New York, New York

DLA PIPER US LLP

By: _____
        Eric M. Falkenberry (EF 9001)
        1251 Avenue of the Americas
        New York, New York  10020-1104
        (212) 335-4500

        -and-

        David M. Neff
        Brian A. Audette
        **DLA PIPER US LLP**
        203 North LaSalle Street, Suite 1900
        Chicago, Illinois 60601
        (312) 368-4000

        *Attorneys For Plaintiff*
        *THE GATORADE COMPANY*